USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
CHRISTOPHER O'ROURKE, :
:
                Plaintiff, :
: 19-cv-6162 (LJL)
    -v- :
: ORDER
:
EHSAN FOOD CORP. ET AL, :
:
                Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Christopher O'Rourke moves by letter-motion for discovery sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 37(a)(3). (Dkt. No. 29.) The facts are not disputed. Plaintiff served a Notice for Discovery and Inspection and a Demand for Interrogatories on September 23, 2019. Defendants have yet to respond to that discovery. On February 3, 2020, Plaintiff attempted to meet and confer with Defendants and to schedule an inspection, but Defendants failed to respond. Plaintiff also asserts that Defendants ignored a December 8, 2019 request to meet and confer. For his part, defense counsel states that he was unable to meet and confer after February 2, 2020 because first his young son and then he and his wife were diagnosed with the flu. There was no indication that any of the family members were afflicted with the COVID-19 virus. Defendants represent that they will now attempt to comply with the discovery requests but ask for a 30-day extension of the time period for discovery.

      **The motion for sanctions under Fed. R. Civ. P. 37(b) is DENIED**. That rule applies to a party who fails to obey a discovery order. Plaintiff here complains about the failure to comply with discovery requests and not a discovery order.

      **Treating the application as one for an order to compel discovery under Fed. R. Civ. P. 37(a), that motion is GRANTED**. It is undisputed that Defendants failed to make disclosures required under Rule 26(a), *see* Fed. R. Civ. P. 37(a)(3)(A), and failed to answer interrogatories or the request for an inspection, *see* Fed. R. Civ. P. 37(a)(3)(B). **Defendants are ORDERED to serve responses to the interrogatories and document requests by April 24, 2020**. Plaintiff may apply for an order permitting inspection after the current emergency has abated.

      **The date for the completion of all discovery is EXTENDED to May 15, 2020, except for the inspection** which, if necessary, may be conducted after the current emergency has abated. The parties are **FURTHER ORDERED to submit a status letter no later than May 18, 2020** advising whether all discovery is complete or whether the inspection remains outstanding. **The previously-set deadlines for pre-motion for summary judgment letters are**

**CANCELLED**.

Rule 37(a)(5) provides that, when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the . . . attorney [whose] conduct [necessitated the motion] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[1] The Court must not order payment if "the opposing party's nondisclosure . . . was substantially justified" or if "other circumstances make an award of expenses unjust." *Id.* Although the illness in Defendants' counsel's family would have warranted an extension if one had been requested, no request for an extension was made and counsel did not respond to Plaintiff's requests to meet and confer. **The Court therefore will award attorneys fees against Defendants for the reasonable expenses incurred in making the motion in an amount not to exceed $500.**

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). Accordingly, in order to grant the award of reasonable expenses, **it is hereby ORDERED that, no later than March 25, 2020, Plaintiff's counsel shall submit a two-page letter-brief detailing how much tine was spent on this motion and at what hourly fee**.

**The Clerk of Court is respectfully directed to terminate the letter-motion at Dkt. No. 29.**

Dated: March 20, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] "Until 1993, Rule 37(a)(5) said that the court had to allow an opportunity for hearing before awarding expenses and fees. In 1993, it was amended to require 'an opportunity to be heard,' which may be limited to consideration of written submissions." 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2288 (3d ed. 2019). Because Plaintiff's motion for sanctions specifically requested reimbursement for the cost of making the motion, Defendants' counsel was on notice and had an "opportunity to be heard" on the matter in its response letter. The response letter (Dkt. No. 30) does not mention fees.