

225 Broadway, Suite 613
New York NY 10007

☎ 646-751-8743
🖷 212-964-9516
✉ psverd@sverdlawfirm.com
🌐 www.sverdlawfirm.com

April 27, 2020

Via ECF
Honorable Lewis J. Liman
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

> Motion for sanctions is DENIED WITHOUT PREJUDICE. On April 23, 2020, the Court permitted Defendants until May 7, 2020 to respond to Plaintiff's interrogatories and document requests. Plaintiff's counsel may renew this motion if such deadline is not met. The deadline for completion of all discovery, except for the inspection, remains May 15, 2020. (Dkt. No. 31.) The parties are reminded that they are to submit a status letter no later than May 18, 2020 advising whether all discovery is complete or whether the inspection remains outstanding.
>
> 4/27/2020
>
> LEWIS J. LIMAN
> United States District Judge

Re:   O'Rourke v. Ehsan Food Corp. and Kwong May LLC
      Civil Action No.: 19-cv-06162 (KPF)
      **Letter Motion to Sanction Defendants for its Failure to Provide Discovery**
      **IN VIOLATION OF THIS COURT'S MARCH 20, 2020 ORDER**

Dear Judge Liman:

     The undersigned represents the Plaintiff, Christopher O'Rourke in the above-referenced matter. This letter motion is written pursuant to Your Honor's Rule 4.B., governing discovery disputes. The Plaintiff is wheelchair bound individual who alleges in this lawsuit that he encountered barriers to entry at the establishment known as Captains Chicken Restaurant located at 39 Madison Street, New York, NY 10038, owned and operated by the defendant Ehsan Food Corp. at the property owned by Kwong May, LLC, in violation of the Americans with Disability Act. The plaintiff encountered barriers in the form of a step at the main entrance and other violations that exist at the premises. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 1281 et seq., based upon Defendants' alleged violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202). Venue is proper as the Facility is located in the Southern District of New York.

     Plaintiff's prior efforts to obtain disclosure in this matter resulted in This Court issuing its March 20, 2020 Order (Doc. 31), directing the Defendants to serve responses to plaintiff's interrogatory and document requests by April 24, 2020. As of the date hereof no such responses have been received by the Plaintiff. As of the date hereof, the Defendants have not sought an extension of time to respond from The Court.

     The undersigned met and conferred with the Defendants' counsel, Mr. Morton Minsley on April 23, 2020, and received a correspondence from opposing counsel on the same date. The parties discussed This Courts March 20, 2020 Order, the Defendants' persistent failure to provide responses to Plaintiff's Notice for Discovery and Inspection, and Demand for Interrogatories, duly served and dated September 23, 2019, and its failure to comply with This Court's March 20,

2020 Order. The parties also discussed settling the matter, which bore no fruit. Pursuant to Your Honor's rules, the Plaintiff is deemed to have satisfied the obligation to meet and confer.

The Defendants have still not served any demands for discovery or noticed depositions and they must be deemed to have waived the right to receive any documentary proof, depositions of experts, plaintiffs, and witnesses. The Defendants' failure to demand expert disclosure requires that it not be entitled to receive same prior to trial.

Plaintiff writes this letter motion seeking discovery sanctions against the Defendants pursuant to FRCP (b)(2)(A)(i) directing a finding of fact that the Premises has architectural barriers at the entrance of the premises, whose removal is readily achievable, cost effective, and will not impair the Defendants business;

(ii) prohibiting the Defendants from supporting or raising its affirmative defenses numbered First through Fifth; or from opposing the plaintiff's claims that the Premises has architectural barriers at the entrance of the premises, whose removal is readily achievable, cost effective, and will not impair the Defendants business, or from introducing any evidence in support of the Affirmative Defenses and in opposition to the Plaintiff's case.

(iii) striking pleadings of the Defendants, and setting the matter down for inquest

(vi) rendering a default judgment against the Defendants and setting the matter down for inquest.

Plaintiff further seeks relief pursuant to FRCP(a)(5), and the award of five-thousand ($5,000) for the costs of having to make this motion.

This is the second application seeking the relief sought herein. The first application resulted in This Court's March 20, 2020 Order, and the Letter Motion seeking sanctions was denied.

Respectfully Submitted,

/s/ Peter Sverd

Peter Sverd, Esq.
Law Offices of Peter Sverd, PLLC
225 Broadway, Suite 613
New York, NY 10007
*Attorney for Plaintiff*

To: Morton Minsley by ECF Only