```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHRISTOPHER O'ROURKE,                                            :
                                                                 :
                              Plaintiff,                         :
                                                                 :        19-cv-6162 (LJL)
              -v-                                                :
                                                                 :        ORDER
EHSAN FOOD CORP., and KWONG MAY, LLC,                            :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2020

LEWIS J. LIMAN, United States District Judge:

Defendants Ehsan Food Corp. ("Ehsan Food") and Kwong May, LLC ("May," and together with Ehsan Food, "Defendants"), move, pursuant to Federal Rule of Civil Procedure 25(a)(1), for an order dismissing the complaint for failure to timely move for substitution of a successor or representative within 90 days after service of a statement noting the death of Plaintiff Christopher O'Rourke ("O'Rourke or Plaintiff").

## BACKGROUND

This action was commenced by the filing of a complaint on July 2, 2019. Dkt. No. 1. Ehsan Foods is the owner and operator of a small take-out restaurant in Manhattan named Captain Chicken Restaurant. May is the owner of the building in which Captain Chicken Restaurant is located. *Id.* ¶¶ 6, 7. O'Rourke, who was disabled and had to use a motorized wheelchair to travel more than a short distance, *id.* ¶ 5, alleged that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 297, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a) ("NYCHRL"). Plaintiff sought injunctive and

declaratory relief under the ADA and compensatory damages under the NYSHRL and NYCHRL.  In brief, he alleged that he visited the property on which Captain Chicken Restaurant is located but was denied full access to, and full enjoyment, of its facilities because of Defendants' failure to make accommodations to him based on his disability and because of architectural barriers that existed at the property.

Defendants answered on September 15, 2019.  Dkt. No. 15.  By order dated May 20, 2020, trial of the action was scheduled for October 19, 2020.  Dkt. No. 38.

On July 23, 2020, Plaintiff's counsel served and filed a Notice of Death of Plaintiff, attaching a copy of O'Rourke's death certificate evidencing his death on June 14, 2020.  Dkt. No. 42.  Plaintiff's counsel also wrote to Magistrate Judge Fox that he learned of O'Rourke's death on July 17, 2020 and received O'Rourke's death certificate on June 20, 2020, but that he did "not have confirmation from [O'Rourke's widow] as to whether she will be substituting as Plaintiff in this matter."  Dkt. No. 42.  On that same day, this Court granted Plaintiff's counsel leave to file a motion to substitute Plaintiff's surviving spouse as party plaintiff.  Dkt. No. 43.

On November 6, 2020, Defendants filed the instant motion to seek dismissal of the action for failure to timely substitute Plaintiff's successor or representative.  Dkt. No. 49.  Plaintiff responded on November 13, 2020, indicating, for the first time, that an application for letters of administration had been filed.  Dkt. No. 52.  On November 17, 2020, Defendants replied.  Dkt. No. 53.

## DISCUSSION

Federal Rule of Civil Procedure Rule 25(a)(1) provides:

(1) Substitution if the Claim is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.

2

> If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

"The statement [need not] identify the successor or legal representative; [the rule] merely requires that the statement of death be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). "The rule provides that if the motion is not made within 90 days after the notice of suggestion of death is served, the action must be dismissed." *Harp v. City of N.Y.*, 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008); *see Go v. Rockefeller Univ.*, 2013 WL 3816700, at *3 (S.D.N.Y. July 19, 2013) (same). A court has discretion to relieve a party of these time limits under specified circumstances. If "good cause" exists, for example because there is "an inability or a significant difficulty in identifying [a] legal representative or successor," *Unicorn Tales*, 138 F.3d at 470, the court may extend the 90-day time period "if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b). Alternatively, the court may extend the time upon a finding that "the party failed to act because of excusable neglect." Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1955 (3d ed. 2020) ("[T]he court also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect, although an extension of time also may be refused if the court finds the reasons for delay to be inexcusable.").

The determination of "whether neglect of a deadline is excusable . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). The determination is based on a number of factors including "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on the judicial proceedings, the

reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. Of those factors, however, the third—the reason for the delay—is ordinarily the most important. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (stating that the court focuses on the third factor and that neglect will rarely be excusable where a party fails to follow the clear dictates of a court rule). "The requirement that any neglect be excusable serves as a necessary limitation to deter parties from freely ignoring deadlines with the expectation of receiving relief under this rule." *Lastra v. Weil, Gotshal & Manges LLP*, 2005 WL 551996, at *3 (S.D.N.Y. Mar. 8, 2005). Thus, in this Circuit, "[t]o demonstrate excusable neglect, the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith." *Steward v. City of N.Y.*, 2007 WL 2693667, at *5 (E.D.N.Y. Sept. 10, 2007); *see also Smith v. Thebaud*, 258 F.R.D. 207, 209 (E.D.N.Y. 2009). Moreover, "absent extraordinary circumstances, attorney inadvertence is not excusable neglect." *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007); *see also Steward*, 2007 WL 2693667, at *5 ("In general, ignorance of the rules, or mistakes construing the rules are not sufficient to constitute excusable neglect."); *Falls v. Novartis Pharm. Corp.*, 2014 WL 3810246, at *4 (D. Conn. Aug. 1, 2014) ("[D]istrict courts within this Circuit have regularly held that attorney inadvertence on its own is not excusable neglect for an untimely motion for substitution."). "Furthermore, if a party fails to demonstrate excusable neglect, its motion will not be granted merely because the other party has made no complaint of bad faith, or that it would be prejudiced by the delay." *Steward*, 2007 WL 2693667, at *5.

      Plaintiff's counsel does not dispute that he failed either to move for substitution or to seek an extension within the 90-day time period. He states that that he believes and believed that

the time limit set forth in Rule 25 was tolled by a series of Executive Orders issued by Governor Cuomo related to the COVID-19 pandemic entitled "Continuing Temporary Suspension and Modification of Laws Relating to Disaster Emergency." Dkt No. 51 ¶ 4 (citing N.Y. Gov. Exec. Orders Nos. 202.8, 202.14, 202.28, 202.38 (2020), available at https://www.governor.ny.gov/executiveorders)). He also avers that state courts were shut down for many months due to the pandemic and that, "upon information and belief, the source being a phone conversation a few weeks ago with a clerk of the civil court, Queens County, court staff and clerical staff are on staggered schedules and they are working at reduced capacity vs. pre-pandemic capacity." *Id.* ¶ 7. He states that he was informed by the New York County Surrogates Court, by email dated November 9, 2020, that the issuance of citations in O'Rourke's administration proceeding would not issue for "several weeks" and avers that obtaining letters of administration in O'Rourke's case is "taking time to process," but he does not state that an application was made for letters of administration or attach proof of such filing or the date of the filing. *Id.* ¶¶ 8-9.

       Plaintiff has failed to demonstrate either a reasonable basis for his noncompliance within the time period specified by the rule or good faith. Although he protests that the Governor's Executive Orders gave the impression that the time within which he had to move for substitution was tolled, those orders, by their plain language, tolled the period only up to July 6, 2020; they expired on that date, weeks before counsel learned of O'Rourke's death. Moreover, the Executive Orders tolled only "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state" and were justified by the directive of the Chief Judge of the State of New York with respect to the operations of the state court. N.Y. Gov. Exec. Order No. 202.8. They did not

purport to toll time periods prescribed by federal law, such as the period prescribed by Rule 25, and they were not justified by any limitation of access to the federal courts, the courts in which Plaintiff filed this lawsuit.

Moreover, Plaintiff's argument that his neglect should be excused by virtue of the closure of the New York courts is belied by the undisputed fact that on July 8, 2020, again before counsel learned of O'Rourke's death, the New York Court system issued a notice that the New York County Surrogate's Court was commencing operations on July 8, 2020 and that it was accepting "[a]ll types of petitions, motions and documents . . . for filing." *Important Notice*, Surrogate's Court, N.Y. Cnty., http://ww2.nycourts.gov/courts/1jd/surrogates/index.shtml. "The court [would] process and determine all uncontested matters." Dkt. No. 49, Ex. B; *see Harp*, 2008 WL 2971702, at *3 ("A simple inquiry as to the Surrogate's court proceedings would have informed Mr. Grimes that they had not commenced, and he could have moved himself to commence the proceedings or at the very least advised the Court of the difficulty and requested an extension in a timely manner.").

Plaintiff's reliance on Chief Judge McMahon's October 7, 2020 decision in *Citi Connect LLC v. Loc. Union No. 3, Int'l Brotherhood of Elec. Workers, AFL-CIO*, 2020 WL 5940143, at *4-5 (S.D.N.Y. Oct. 7, 2020), is misplaced. In that case, Chief Judge McMahon considered the impact of Governor Cuomo's Executive Order tolling time limits prescribed by the procedural laws of New York State on an action governed by the time limits under the N.Y. C.P.L.R. but filed in federal court. The court entertained a motion to stay arbitration filed on July 6, 2020— the same date that the Executive Order expired—that would have been untimely but for the tolling of the state procedural rule. It held that a reasonable practitioner could believe that "the Executive Order's tolling on the ground that state courts were closed" applied to an action in

federal court but governed by state time limits because the federal court was required to apply the "arguably[] tolled[] state statute of limitations." *Id*. at *4 (quoting *Weslowski v. Zugibe*, 14 F. Supp. 3d 295, 307 (S.D.N.Y. 2014)).  In any event, Chief Judge McMahon held there was no harm to the defendant in applying the toll because the plaintiff lost on the merits even if the toll were applied.

*Citi Connect* is inapposite to this case.  Plaintiff here did not file a motion for substitution on July 6, 2020 when Governor Cuomo's order expired, and still has not filed the motion (or moved for an extension).  Under Rule 25, the Court applies federal law, not state law, to the timeliness of Plaintiff's motion for substitution of a party.  Governor Cuomo's order does not purport to toll, nor could it, the time periods established by federal law.  And, as Chief Judge McMahon noted in *Citi Connect*, "this Court was not closed to new filings at any time during the pandemic, and no one with authority over the operations [of] this court has ever tolled the running of any statute of limitations." *Id*.  Plaintiff could have filed either a motion to substitute or a motion to extend time at any point.  Counsel's failure to do so was not excusable neglect.

On the record before the Court, "this is a case of simple, and avoidable, neglect, without any showing of a reasonable basis for the failure to comply with Rule 25(a)(1), or any reasonable basis to grant an extension of time under Rule 6(b)(1)(B)." *Harp*, 2008 WL 2971702, at *3.

The motion to dismiss the action is granted.  The Clerk of Court is respectfully directed to close to motion at Dkt. No. 49.

SO ORDERED.

Dated: November 24, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge